UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20176-CIV-LENARD/TORRES

FELICIA E. RIVERA, a/k/a F.E. Rivera,
Individually and on behalf of all others
similarly situated,

        Plaintiff,

v.

AMALGAMATED DEBT COLLECTION
SERVICES, INC. d/b/a Credit Data Systems,

        Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

      This matter comes before the Court upon Plaintiff's Motion for Partial Summary Judgment as to Liability on Plaintiff's Fair Debt Collection Practices Act Claim [D.E. 65]. The motion is before the undersigned for final disposition pursuant to the Order of Reference entered by the Honorable Joan A. Lenard on August 12, 2005 [D.E. 24] and the parties' consent thereto [D.E. 23], as well as Admin. Order 2006-18.

      Following complete briefing, the Court held a hearing on the matter on September 25, 2005. Plaintiff filed on September 29, 2006, a supplemental memorandum of law that addressed certain questions raised at that hearing. Having considered the papers filed in this case and argument of counsel, and the entire record, the Court grants in part Plaintiff's motion for partial summary judgment for the reasons that follow.

## I.  FACTUAL BACKGROUND

Plaintiff is a "consumer" and Defendant is a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq*.  Pl.'s Mot. Sum. Judg. at 2.  Defendant was retained to collect a purported $39.32 debt from Plaintiff.  On May 28, 2004, Defendant sent Plaintiff a form notice letter labeled "Second Notice" and dated May 22, 2004.  The letter sought to collect a debt allegedly owed by Plaintiff to Supra Communications for $39.32.  Defendant also delivered another notice, which is identically worded to the Second Notice, but is titled "First Notice." *Id.*  Both notices include the following language:

> Therefore, unless this matter can be resolved within 30 days of the above date, it will be necessary to consider the institution of legal procedures against you.
> . . .
> If you dispute the debt in whole or in part within (30) days of the date set forth above, we will mail verification of the debt to you.

*Id.* at 3.

The notices also state that in the "event of suit, you may be held liable for money damages plus interest, court costs and attorney's fees."  *Id.*  It is undisputed that Defendant has never sued a debtor or sought money damages, interest, court costs or attorney's fees from anyone to whom it has sent either of these notices.  The notices also state that judgments obtained against debtors will be recorded in their county of residence and that "further action, including depositions and execution by the Sheriff, may be required."  *Id.*  It is also

undisputed that Defendant has never recorded a debt, deposed a debtor or had a judgment executed by the Sheriff.  *Id.*

Both of these notices are "communications" as defined by 15 U.S.C. § 1692a(2).  *Id.* at 4.  Defendant sent another debt collection letter to Plaintiff titled "Action Notice" on July 23, 2004.  *Id.*  The action informed Plaintiff that her failure to remit payment within 15 days would result in the "nationwide reporting" of her debt as a "bad debt."  *Id.*

On January 21, 2005, Plaintiff filed a class action against Defendant alleging that Defendant was mailing unlawful debt collection letters to Plaintiff in violation of the FDCPA, the Florida Consumer Collection Practices Act ("FCCPA"), codified at Fla. Stat. §559.55 *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), codified at Fla. Stat. § 501.201 *et seq.*  The Plaintiff also included an unjust enrichment claim against Defendant.  That equitable claim was ultimately voluntarily dismissed, leaving the statutory claims at issue.  Defendant had originally filed a motion to dismiss those claims, but the District Judge denied that motion on November 23, 2005 [D.E. 42].

Approximately one year later, Plaintiff filed the pending motion for partial summary judgment on her FDCPA claims, arguing that she was entitled to summary judgment on liability for several violations of the statute.  Defendant opposed the motion, arguing that issues of fact remained for trial, and re-arguing some of the legal defenses originally raised in the motion to dismiss, most predominate of which was the argument that Plaintiff lacked standing to raise these claims.

## II.   ANALYSIS

### A.   *Standard of Review*

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Miller v. Harget*, 458 F.3d 1251, 1255 (11th Cir. 2006) (citing *Lippert v. Cmty. Bank, Inc.*, 438 F.3d 1275, 1278 (11th Cir. 2006)).  The moving party bears the initial burden of showing that there are no material issues of fact.  *Imaging Business Machines, LLC v. BancTec, Inc.*, 459 F.3d 1186, 1192 (11th Cir. 2006).  Once the moving party satisfies that burden, the non-moving party must introduce facts showing a genuine issue of material fact.  *Id.*  In determining whether summary judgment is appropriate, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990).

### B.   *FDCPA*

Plaintiff argues that she is entitled to judgment as a matter of law on her claims under the FDCPA.  Pl.'s Mot. Sum. Judg. at 5.  Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors. . . ."  15 U.S.C. § 1692e (1977).  The FDCPA both requires and proscribes specific conduct by debt collectors.  For example, under the FDCPA every initial debt communication must be accompanied within five days by a written debt validation notice that provides the debtor with thirty days to dispute the debt.  15 U.S.C.

4

§ 1692g(a).  The FDCPA also prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector.  Further, a single violation of the statute is sufficient to establish civil liability.  *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2nd Cir. 1993).

To establish her claim under the FDCPA, Plaintiff must show that the Defendant is a debt collector and that it engaged in some act or omission prohibited by the FDCPA in attempting to collect from Plaintiff on her consumer debt.  *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360-61 (S.D. Fla. 2000).  When determining whether the FDCPA has been violated, the Court must apply an objective test focused on how the least sophisticated consumer would be affected by Defendant's collection practices.  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985).  Courts have interpreted the least-sophisticated-consumer standard in a way that "protects debt collectors against liability for unreasonable misinterpretations of collection notices."  *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) (collection notice valid although it did not expressly inform debtors that they had a right to contest a portion of the debt where that right was implicit in debtors' right to challenge the entire debt).  Additionally, "courts have held that even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Id.*

This objective standard does not apply in all instances.  For instance, the sophistication of the consumer is irrelevant to a determination that subsection (5) of § 1692e has been

violated. *Jeter*, 760 F.2d at 1175. In examining alleged violations of § 1692e(5), the Court only looks to the debt collector's intent to take the action threatened. *Id.* "Thus, subsection (5) requires proof of a fact which amounts to a *per se* violation of § 1692e." *Id.* The Court notes, however, that the least-sophisticated-consumer standard applies to subsection (10) of § 1692e. *Id.* at 1177; *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 (6th Cir. 2006).

C. *Defendant Is a Debt Collector*

15 U.S.C. § 1692a(6) defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails . . . [to] regularly collect[] or attempt[] to collect, directly or indirectly, debts owed . . . another." Paragraph five of Plaintiff's Complaint alleges that Defendant's principal purpose is the collection of debts and that it "regularly attempts to collect debts alleged to be due another using the mail and telephone." Compl. ¶ 5. Paragraph twenty-nine states: "Defendant is a 'debt collector' as defined by 15 U.S.C. § 1692a(6)." Compl. ¶ 29. Defendant admitted both of these allegations in its answer. Accordingly, there is no issue of fact that Defendant is a debt collector within the meaning of the FDCPA.

D. *Alleged Violations of the FDCPA*

Plaintiff alleges that Defendant violated the FDCPA in the following ways: (1) Defendant failed to provide notice in a manner consistent with 15 U.S.C. § 1692g; (2) Defendant's notices contain contradictory language that overshadow the validation notice in violation of 15 U.S.C. § 1692e; (3) Defendant's notices make idle threats in violation of 15 U.S.C. § 1692e(5); and (4) Defendant threatened to report Plaintiff's debt as a bad debt in violation of 15 U.S.C. § 1692e(5) and (10).

### 1.   *Section 1692g Has Been Violated*

At the hearing, Defendant conceded that it violated 15 U.S.C. § 1692g by not tracking the language of the statute in its notice.  Specifically, Defendant's notices state that debtors have thirty days from the date of the letter to dispute the debt.  15 U.S.C. § 1692g provides that debt collectors must inform debtors that they have "thirty days after receipt of the notice" to challenge the validity of the debt.  By instructing debt collectors to inform debtors that they have thirty days from the date of receipt of the notice to dispute the debt, Congress protects consumers against abusive collection procedures, such as backdating.[1]  *Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148, 1154 (E.D.N.Y 1996).

By mailing notices stating that debtors have thirty days *from the date of the letter* to challenge the debt, Defendant led debtors to believe that they had less than thirty days to obtain verification of the debt.  That is a clear violation of the statute, as the court concluded in *Cavallaro* involving a FDCPA claim against a law firm that sent out notices that very similarly misstated the time the debtor had to respond and dispute the debt.  The court entered summary judgment against the defendant based upon that per se violation of § 1692g:

> The validation notice stated that Plaintiff should dispute the debt 'within thirty (30) days from the date of this notice' rather than, as mandatorily required by the statute, within 30 days of receipt of the notice. 15 U.S.C. § 1692g(a)(3)….  Although only a small minority of debt collectors may engage in such tactics, courts cannot discriminate in identifying violators of § 1692g(a)(3) when faced with a strict liability statute that proscribes specific acts regardless of intent.

*Id.* at 1154.

---

[1]   For example, in this case, Plaintiff alleges that the collection letter was dated May 22, 2004 - four days before the notice was postmarked.  Complaint at ¶ 6.

As *Cavallaro* explains, one would not expect such a clear violation of the statute to occur that often. Unfortunately it occurred here. And although there are not any other cases in this Circuit where a notice has required debtors to challenge the debt within thirty days of the date on the notice, rather than from the date of receipt, other courts in the Circuit have found notices that similarly failed to track the language of the statute violated § 1692g. For example, in *Baez v. Wagner & Hunt, P.A.*, Nos. 06-60647, 2006 WL 2294858, at *3 (S.D. Fla. July 19, 2006), Judge Cohen recently found that the debt collector's addition of the words "in writing" to subsection (a)(3) violated § 1692g. The court in that case noted: ". . . the plain language of the statute is clear and unambiguous and does not require the insertion of additional language." *Id.* The court's concern surrounding the inserted additional language was that by requiring debtors to dispute debts in writing, the debt collector curtailed some of the debtor's rights that were triggered under the statute by oral disputes. *Id.*

The same can be said in this case; the very language of the statute contradicts the protections contained in the statute. The plain language of § 1692g(a)(3) requires that Defendant provide a statement to debtors that they must dispute the validity of the debt "within thirty days after receipt of the notice." *Vera v. Trans-Continental Credit and Collection Corp.*, No. 98-CIV-1866(DC), 1999 WL 163162, at *3 (S.D.N.Y March 24, 1999) ("Subsection 1692g(a)(3) of the Act makes clear that the notice must explicitly state that the consumer has thirty days *from receipt of the notice* to challenge the debt to ensure that the consumer is not led to believe that the thirty-day period is measured from the date on the notice itself.") (emphasis in original). Defendant's replacement of that quoted language with a

8

statement that debtors must challenge the debt within thirty days of the date of the notice also curtails debtors rights by reducing the number of days debtors have to dispute their debts.

An examination of cases that have found notices to be in compliance with § 1692g is also informative.  For example, in *McStay v. I.C. Sys., Inc.*, 174 F. Supp. 2d 42, 44 (S.D.N.Y. 2001), the debtor sued a debt collector, alleging that § 1692g had been violated. The debt collector sent debtor a letter containing the notice required by § 1692g(a)(3), which specifically stated that debtor had thirty days from the date of receipt of the letter to dispute the debt.  The debtor alleged that the notice, which was on the reverse side of the letter, was overshadowed by language on the front side of the letter advising debtor that, if the debt was not paid in full in thirty days, the default would be reported to a credit reporting agency.  *Id.* at 44-45.  The debtor argued that the front side of the letter overshadowed the notice because it did not specify whether the thirty days that debtor has to dispute the debt begins running from the date the letter was written or the date the letter was received.  *Id.* at 45.  The court decided that reading the front of the letter in conjunction with the notice on the reverse side would lead even the least sophisticated consumer to conclude that the thirty days began to run from the date of receipt of the notice.  *Id.* at 46.

Unlike *McStay*, where there was an ambiguity in the letter that was resolved by a valid notice, the notice here affirmatively misinformed debtors of their rights.  The Court, therefore, finds that Defendant violated 15 U.S.C. § 1692g by not specifying in its notices that debtors have thirty days from the date of receipt of the notice to challenge the debt.  Defendant even conceded the violation at the hearing.

Plaintiff also argues that Defendant's statement contained in its collection letters that "it will be necessary to consider the institution of legal procedures against you" overshadows and contradicts the validation notice's provision advising debtors of the amount of time they have to challenge the debt. Language that overshadows and contradicts a proper validation notice has been found to violate § 1692g. *See Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997) (finding a violation of § 1692g where debt collector contradicted the validation rights contained in the collection letter by demanding receipt of payment within thirty days).

Plaintiff's argument is superfluous as the Court has already found that Defendant's misrepresentation regarding the length of time available to debtors to challenge debts is a violation of § 1692g. This argument is also misplaced under these set of facts. Unlike *Chauncey*, the validation notice here was improper so, in reality, there was no language properly advising debtors of their rights regarding the time available to challenge their debts that could be overshadowed or contradicted by any other language in the letter. In any event, this argument is not necessary to our finding that Defendant violated § 1692g.

### 2. Issues of Fact Remain as to Section 1652e

Plaintiff then claims that Defendant violated § 1692e(5) by making idle threats in his collection letters. Plaintiff points out that Defendant's First and Second Notice state that "unless this matter can be resolved within (30) days of the above date, it will be necessary to consider the institution of legal procedures against you." Pl.'s Mot. Sum. Judg., Ex. 4. The letter further states: ". . . in the event of suit you may held liable for money damages plus interest, court costs and attorney's fees." *Id.* Last, the letter states: "The judgment against you would be recorded in the Public Records . . . and further action, including depositions and

execution by the Sheriff, may be required . . . ." *Id.*  Plaintiff relies on excerpts of a deposition taken of Defendant's President where he testified that Defendant has never filed any lawsuits against a debtor, recorded a judgment or arranged for the execution of a judgment by the Sheriff.  *Id.*, Ex. 2, at 39, ln. 20-25, and 40, ln. 1-8.

Defendant counters that the use of the word "consider" in the challenged language shows that legal action was not imminent.  The Eleventh Circuit has found, in connection with 15 U.S.C. § 1692e, that where parties reasonably disagree about the interpretation of the language in debt collection letters, the trier of fact must resolve the disagreement rather than the court through summary judgment.  *Jeter*, 760 F.2d at 1176.  Therefore, whether Defendant here violated § 1692e of the FDCPA is a question for the trier of fact and cannot be resolved through a motion for summary judgment.

Indeed, there are several cases with similar collection letters that do resolve the question as a matter of law, but not in favor of the debtor.  For example, in *Knowles v. Credit Bureau of Rochester, Division of Rochester Credit Center, Inc.*, No. 91-CV-14S, 1992 WL 131107, at *1 (W.D.N.Y May 28, 1992), the debt collection letter read as follows: "Failure to pay will leave our client no choice but to consider legal action."  The court held as a matter of law that the statement did not threaten action and, therefore, did not violate § 1692e(5).  *Id.* In *Madonna v. Acad. Collection Serv., Inc.*, No. 3:95CV00875, 1997 WL 530101, at *6 (D. Conn. Aug. 12, 1997), the notice stated that the debt collector "may choose to pursue legal action[.]"  The court stated that the statement was far from threatening legal action and only

indicated that legal action was an option available to the creditor. *Id.* at 7.[2]  Accordingly, the court held that the statement did not violate § 1692e(5). *Id.*

In *Riviera v. MAB Collection, Inc.*, 682 F. Supp. 174, 178 (W.D.N.Y. 1988), the debt collection letter stated: "It is unfortunate that you do not seem to care, and you leave us no choice but to advise your creditor that you have ignored our efforts, and that legal action may be necessary in order to collect this bil (sic)." Although the *Riviera* court cites *Jeter* for the proposition that "[t]he court need only decide whether the alleged threatened actions could not legally be taken or were not intended to be taken[,]" *id.*, it does not follow *Jeter*'s reasoning that when the parties disagree about "the proper inferences to be drawn from the [debt collection] letters" the issue must be resolved by the trier of fact and not by the court on summary judgment, *Jeter*, 760 F.2d at 1176. *Riviera,* unlike *Jeter,* resolves the parties' over the inferences to be drawn from the letter on summary judgment. The court focuses on the letter's use of the word "advise" and holds that the letter did not threaten legal action, but rather put the debtor on notice that debt collector would advise the creditor that legal action may be necessary. *Riviera*, 682 F. Supp. at 178.  The court found that, as a result, there was no per se violation of § 1692e(5). *Id.*

This Court cannot follow these cases, however, and ignore *Jeter*, which is controlling law in this circuit. Therefore, the Court concludes that there is a genuine issue of fact as to whether Defendant ever intended to commence legal proceedings against Plaintiff.

---

[2] This court further holds that the statement is also not necessarily a violation of § 1692e(10) because it is not false or misleading as it "merely informs the consumer of an option that is indeed clearly available to the creditor to recover the debt[.]" *Id.*

Plaintiff also claims that Defendant violated § 1692e(10) by implying that the debtors had less than the full thirty-day validation period to resolve their debts. "Under subsection (10), we must consider whether the 'least sophisticated consumer' would be deceived by [the debt collector's] letters . . . ." *Jeter*, 760 F.2d at 1177. As with the claim under subsection (5), and in contast with the § 1692g claim, this claim should also be presented to the trier of fact. *Id.* at 1177-78 ("In any event, we are confident that whether the 'least sophisticated consumer' would construe [debt collector's] letter as deceptive is a question for the jury.").

Plaintiff's last claim is that Defendant violated § 1692e(5) and (10) by threatening to report Plaintiff's alleged debt of $39.32 as a bad debt when Defendant has a policy of only reporting debts that exceed $50.00 to credit reporting agencies. Defendant's President testified at his deposition that a debt collector cannot report a debt that is less than $50.00 to a reporting agency. Pl.'s Mot. Sum. Judg., Ex. 3, at 41 ln. 21-25, 42 ln. 1-3. Under subsection (5), the issue is whether Defendant intended to take the action threatened. *Id.* at 1175. As previously stated, this issue is properly decided by the trier of fact and not by the Court on summary judgment. *Id.* at 1176. Under subsection (10), the issue is "whether the 'least sophisticated consumer' would be deceived by [Defendant's] letters . . . .", *id.* at 1177, by threatening to report the debt as a bad debt. This issue is also properly decided by the trier of fact and not by the Court on summary judgment. *Id.* at 1177-78. If Plaintiff succeeds on these claims, however, only those debtors with debts under $50.00 would be entitled to damages. All other class members with debts over $50.00 would be precluded from recovering damages under these claims as Defendant's policy of not reporting debts to credit

reporting agencies only extends to debts that are $50.00 or less.  Pl's Mot. Sum. Judg., Ex. 2 at 41 and 42.

As stated earlier, any violation of the statute establishes civil liability.  Having succeeded on the § 1692g claim, Plaintiff could choose to abandon the remaining alleged violations of the statute.  Plaintiff may choose to pursue those additional violations, however, to bolster its theory for damages.  If so, Plaintiff will have to prove at trial that liability should attach based on these additional issues.

Finally, the Court rejects as a matter of law the Defendant's challenge to Plaintiff's standing in opposition to the pending motion.  Defendant alleges that Plaintiff has no standing as she did not suffer actual damages because Plaintiff never paid the purported debt.  This issue was already addressed by the Court in its Order Conditionally Granting Plaintiff's Motion for Class Certification [D.E. 75], as well as the Order denying the motion to dismiss that was largely based on the same argument.  In the Class Certification Order, the Court concluded that Plaintiff had standing because "numerous courts, including the Eleventh Circuit, have held that the FDCPA does not require a plaintiff to have suffered actual damages in order to bring a claim."  The same holding applies here to the extent Defendant relies on this standing argument to oppose the pending motion.

### III.   CONCLUSION

In light of the foregoing discussion, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's motion is granted with respect to claims brought under 15 U.S.C. § 1692g, with respect to the misstatement of the amount of time the debtor

had to dispute the debt. No issues of material fact remain on that issue and judgment will be entered on that claim as a matter of law. The Motion is denied with respect to claims brought under 15 U.S.C. § 1692e(5) and (10). Those claims present genuine issues of material fact that are properly decided by the trier of fact and not by this Court on summary judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of October 2006.

                                                                                   EDWIN G. TORRES
                                                                                   United States Magistrate Judge

Copies provided to:
The Honorable Joan A. Lenard
All Counsel of Record